Loy A. Thurman
P.O. Box 520011
Big Lake, Alaska 99652
(907) 775-8899
Loythurman@outlook.com
Thomas W. Oels
2841 W. Discovery Loop
Wasilla, Alaska 99654
(907) 232-6782
Blake@mtaonline.net
David H. Johnson
6360 East Homebuilt Circle
Wasilla, Alaska 99654
(907) 232-6847
Dhjohnson113@mtaonline.net
William C. de Schweinitz
1530 Gambell Street
Anchorage, Alaska 99501
(907) 884-7001
William.Z@ak.net
Pamela L. Bickford
16840 Tide View Drive
Anchorage, Alaska 99516
(907) 223-8829
Speedster21@protonmail.com

   Intervenors.

RECEIVED
MAR 02 2022
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

PUBLIC INTEREST LEGAL FOUNDATION, INC.,

    *Plaintiff,*

v.                                              Civil Case No.
                                                1:22-cv-00001-SLG

KEVIN MEYER, in his official capacity
as Lieutenant Governor for the
State of Alaska,

    *Defendant.*

**"We the People of the State of Alaska" PLAINTIFF-INTEVENORS'
MOTION TO INTERVENE**

1

"We the People of the State of Alaska"[1] respectfully moves pursuant to Federal Rule of Civil Procedure 24 to intervene as a plaintiff in this case as of right or, in the alternative, by permission of the Court. Intervention is warranted as of right because the National Voter Registration Act of 1993 ("NRVA"), 52 U.S.C. § 20507 requires that the State administration of voter registration for elections for Federal office shall "ensure that any eligible applicant is registered to vote in an election"[2] and "to protect the integrity of the electoral process by ensuring the maintenance of an accurate and current voter registration roll for elections for Federal office" shall be "in compliance with the Voting Rights Act of 1965 (now 52 U.S.C. 10301 et seq.)"[3] Despite numerous records request to obtain the Official Alaska State Voter Registration List that the Alaska Division of Elections distributed to Precincts and political parties prior to Election Day of November 2020,[4] the Division of Elections has denied that the list exists and offers the current "live data base" instead of the "official registration list" as referenced by AS 15.07.125, AS 15.07.127, AS 15.15.470, AS 15.05.011, and AS 15.20.081.[5] Alaskan law supports the public disclosure provision, and supporting federal law the Public Interest Legal Foundation quotes (page 3):

---

[1] See Affidavit of Pamela Bickford, pg.2, ¶5, for permission to file unredacted documents.
[2] 52 U.S.C. § 20507(a)(1).
[3] 52 U.S.C. § 20507(b)(1).
[4] See Affidavit of David H. Johnson, pg. 2-3, ¶9-11.
[5] See Affidavit of David H. Johnson, pg. 3-6, ¶12-17.

The Public Disclosure Provision "embodies Congress's conviction that Americans who are eligible under law to vote have every right to exercise their franchise, a right that must not be sacrificed to administrative chicanery, oversights, or inefficiencies" *Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 334-35 (4th Cir. 2012).

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the action arises under the laws of the United States.

Venue in this Court is proper under 28 U.S.C. § 1391(b)(1), because the Defendant resides in this district, and under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to these claims occurred in this district.

## PARTIES

The volunteering "qualified voters" known as "We the People of the State of Alaska" are bound by the individual declaration that each individual is, 1.) a citizen of the United States, 2.) a resident of the State of Alaska, 3.) voted in the General Election of 2020, and 4.) concerned that the November 3, 2020, election was neither free nor fair.

Defendant, Lieutenant Governor Kevin Meyer, has not yet entered an appearance in this matter. Prior to the time of filing, Intervenors-Plaintiffs contacted the Plaintiffs, by phone and by email, seeking consent but have not heard back from Plaintiffs as to whether they approve or oppose the motion.

3

The Original Application documents pertain to the focus on solving the problems with an overblown State Voter Registration List that is used in all elections, including municipal and rural elections throughout the state. The documents, Exhibit PLB-1, pg. 2-20, demonstrate how crucial an up-to-date and error free registration list contributes to a free and fair election. Exhibit PLB-1, pg. 21-31, suggest the extent of over-registration of the voter registration, and the implications for ensuring Election Integrity. Exhibit PLB-1, pgs. 32-52, suggest the direction the State Administration is headed.

**RELIEF REQUESTED**

For the reasons discussed herein, the representatives of "We the People of the State of Alaska" respectfully request that the Court grant our motion to Intervene in this matter.

Dated 03-02-22

Respectfully submitted,

_____
Loy A. Thurman

_____
Tomas W. Oels

_____
David H. Johnson

_____
William C. De Schweinitz

_____
Pamela L. Bickford

CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2022, a true and correct copy of the foregoing motion to intervene and its attachments have been served via hand delivered / Certified Mail and email to:

Hon. Kevin Meyer
Lieutenant Governor for the State of Alaska
550 West 7th Avenue, Suite 1700
Anchorage, AK 99501
Email:
lt.governor@alaska.gov

Noel H. Johnson
Maureen Riordan
Kaylan L. Phillips
Public Interest Legal Foundation
32 E. Washington Street, Ste. 1675
Indianapolis, IN 46204
Email:
njohnson@PublicinterestLegal.org
mriordan@PublicinterestLegal.org
kphillips@PublicinterestLegal.org

By: /s/ Pamela L. Bickford, Pro Se

1