**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| PUBLIC INTEREST LEGAL FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEVIN MEYER, in his official capacity as Lieutenant Governor for the State of Alaska, <br><br> Defendant. | Case No. 1:22-CV-00001-SLG |

## ORDER RE: MOTION TO INTERVENE

Before the Court at Docket 13 is Movants Loy A. Thurman, Thomas W. Oels, David H. Johnson, William C. de Schweinitz, and Pamela L. Bickford's *Motion to Intervene* as "We the People of the State of Alaska Plaintiff-Intervenors." Plaintiff responded in opposition at Docket 14; Defendant responded in opposition at Docket 18. Movants replied at Docket 20. Oral argument was not requested and was not necessary to the Court's determination.

After reviewing the parties' filings, the Court concludes that Movants do not have valid grounds for intervention. First, Movants are not entitled to intervene of right. Rule 24(a) of the Federal Rules of Civil Procedure requires district courts to allow a party to intervene as a matter of right if the party "claims an interest relating to the property or transaction that is the subject of an action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's

ability to protect its interest, unless existing parties adequately represent that interest." This rule requires motions to intervene of right to satisfy the following four-part test:

> (1) the motion must be timely; (2) the applicant must claim a significantly protectable interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.[2]

Prospective intervenors bear the burden of establishing each of these elements, although "the requirements for intervention are [to be] broadly interpreted in favor of intervention."[3]

In this case, Movants' motion fails to satisfy element (2) of the test, because the Movants have no significantly protectable interest in the subject matter of this litigation. For the purposes of intervention of right, an interest is significantly protectable if it is "protected by law" and has a "relationship" with the claims at issue.[4] "A significantly protectable interest will be found if a legally protected interest will suffer a practical impairment in the pending litigation."[6]

---

[2] *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc) (internal quotations omitted) (quoting *Sierra Club v. U.S. E.P.A.*, 995 F.2d 1478, 1481 (9th Cir. 1993)).

[3] *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016) (alteration in original) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

[4] *Cooper v. Newsom*, 13 F.4th 857, 865 (9th Cir. 2021).

[6] *Id.*

Case No. 1:22-cv-00001-SLG, *Public Interest Legal Foundation, Inc. v. Meyer*
Order re Motion to Intervene
Page 2 of 6
Case 1:22-cv-00001-SLG   Document 25   Filed 04/13/22   Page 2 of 6

Movants have established no such interest here. According to their motion, Movants seek "the Official Alaska State Voter Registration List that the Alaska Division of Elections distributed to Precincts and political parties prior to Election Day of November 2020."[7] But Plaintiff seeks only "'ERIC Data' received from ERIC during the years 2019, 2020, and 2021 concerning registered voters identified as deceased or potentially deceased" and "reports and/or statewide-voter-registration-system-generated lists showing all registrants removed from the list of eligible voters for reason of death for the years 2019, 2020, and 2021."[8] Movants have not demonstrated any meaningful relationship between the "Official Alaska State Voter Registration List" they seek and the ERIC data and reports on potentially deceased voters that Plaintiff seeks. Nor have Movants explained how Plaintiff's success or failure in this case might impair or affect their ability to obtain the "Official Alaska State Voter Registration." Consequently, the Court concludes that Movants have not established the existence of any significantly protectable interest relating to the subject of this action.

For the same reasons, the Court also concludes that Movants have not established that the disposition of the present action will impede or impair their ability to protect their interest, if any, in the "Official Alaska State Voter Registration

---

[7] Docket 13 at 2.

[8] Docket 1 at 10, ¶ 31.

Case No. 1:22-cv-00001-SLG, *Public Interest Legal Foundation, Inc. v. Meyer*
Order re Motion to Intervene
Page 3 of 6
Case 1:22-cv-00001-SLG   Document 25   Filed 04/13/22   Page 3 of 6

List" as a practical matter.[9] This failure to establish elements (2) and (3) is fatal to Movants' motion to intervene of right under Rule 24(a).

The Court also declines to grant Movants' motion for permissive intervention. Rule 24(b) allows a district court to permit a party to intervene permissively if the party either "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact."[10]

In this case, Movants have neither. Movants identify no federal statute giving them a conditional right to intervene, nor do they identify any claim or defense that shares a common question of law or fact with Plaintiff's claim, even though both Movants and Plaintiff invoke the National Voter Registration Act (NVRA). The NVRA requires that States make their records on voter registration activities available for public inspection and copying.[11] This requirement applies to "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible

---

[9] *See Cooper*, 13 F.4th at 865 (quoting Wright & Miller, 7C *Fed. Prac. & Proc.* § 1908 (3d ed. 2020 update) ("The four parts of the test 'often are very interrelated and the ultimate conclusion reached as to whether intervention is of right may reflect that relationship.'").

[10] Fed. R. Civ. P. 24(b)(1)(A)-(B); *see also Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996) ("We have held that a court may grant permissive intervention where the applicant for intervention shows: (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.").

[11] 52 U.S.C. § 20507(i)(1).

Case No. 1:22-cv-00001-SLG, *Public Interest Legal Foundation, Inc. v. Meyer*
Order re Motion to Intervene
Page 4 of 6
Case 1:22-cv-00001-SLG   Document 25   Filed 04/13/22   Page 4 of 6

voters."[12] Adjudicating NRVA lawsuits normally involves determining whether particular records, data, or procedures fall under this statutory definition. Such determinations are usually fact-intensive and particularized to the nature of the records at issue.[13]

Under this paradigm, Movants' and Plaintiff's claims would likely have no common questions of fact or law. The records Plaintiff seeks are records provided to the State of Alaska by a third party for the purpose of voter list maintenance. In contrast, the records Movants seek consist of a State-generated list that contains the entirety of the registered voter population in Alaska as of November 2020. Determining whether such a list falls under the NVRA's statutory definition of records relating to voter registration activities is unlikely to have any common questions of fact or law with a similar determination regarding the ERIC data Plaintiff seeks. Therefore, the Court declines to permit Movants to permissively intervene in the present case.

Lastly, Movants' motion is also procedurally defective because it is not "accompanied by a pleading that sets out the claim or defense for which intervention is sought," as Rule 24(c) requires. But even if Movants had attached

---

[12] *Id.*

[13] *See, e.g.*, *Project Vote/Voting for Am., Inc.*, 682 F.3d 331, 335–41 (4th Cir. 2012); *Judicial Watch, Inc. v. Lamone*, 399 F. Supp. 3d 425, 434–42 (D. Md. 2019); *Project Vote, Inc. v. Kemp*, 208 F. Supp. 3d 1320, 1135–46 (N.D. Ga. 2016); *Bellitto v. Snipes*, 221 F. Supp. 3d 1354, 1360–66 (S.D. Fla. 2016); *Project Vote/Voting for Am., Inc. v. Long*, 752 F. Supp. 2d 697, 704–12 (E.D. Va. 2010).

Case No. 1:22-cv-00001-SLG, *Public Interest Legal Foundation, Inc. v. Meyer*
Order re Motion to Intervene
Page 5 of 6
Case 1:22-cv-00001-SLG Document 25 Filed 04/13/22 Page 5 of 6

the required pleading, the Court would still deny their motion for the reasons described in this Order.

For these reasons, the *Motion to Intervene* at Docket 13 is DENIED.

IT IS SO ORDERED.

DATED this 13th day of April, 2022, at Anchorage, Alaska.

                                      */s/ Sharon L. Gleason*
                                      UNITED STATES DISTRICT JUDGE

Case No. 1:22-cv-00001-SLG, *Public Interest Legal Foundation, Inc. v. Meyer*
Order re Motion to Intervene
Page 6 of 6
Case 1:22-cv-00001-SLG   Document 25   Filed 04/13/22   Page 6 of 6