Noel H. Johnson*
Maureen Riordan*
Kaylan L. Phillips*
PUBLIC INTEREST LEGAL FOUNDATION
107 S. West Street, Suite 700
Alexandria, VA 22314
Telephone: 703-745-5870
Fax: (888) 815-5641
njohnson@PublicInterestLegal.org
mriordan@PublicInterestLegal.org
kphillips@PublicInterestLegal.org
* *Admitted Pro Hac Vice*
*Attorneys for Plaintiff Public Interest Legal Foundation*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| **PUBLIC INTEREST LEGAL FOUNDATION, INC.,** <br><br> *Plaintiff*, <br><br> v. <br><br> **KEVIN MEYER,** in his official capacity as Lieutenant Governor for the State of Alaska, <br><br> *Defendant*. | Civil Case No. 1:22-cv-00001-SLG |

**PLAINTIFF'S FIRST NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to 7.1(d)(1), Plaintiff Public Interest Legal Foundation ("Foundation") hereby notifies the Court of legal authority relevant, *Public Interest Legal Foundation v. Bellows*, No. 1:20-cv-00061 (D. Me., entered March 28, 2023) (attached as Exhibit A), which is relevant to arguments concerning the NVRA's preemptive effect on Alaska law. (*See* Doc. 40 at 28-31 (arguing, *inter alia*, that "dates of birth and voter identification numbers … can be properly excluded form disclosure under the NVRA"); (Doc. 44 at 29 (arguing that NVRA preempts Alaska's disclosure restrictions).

*Bellows* involved a request to inspect voter list maintenance records pursuant to the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507(i). On March 28, 2023, the court granted summary judgment to the Foundation. Specifically, *Bellows* considered whether the NVRA preempts Maine law that places certain restrictions on the public's use of records within the NVRA's scope. The court held that the NVRA "does not allow a state to impose these restrictions," Exhibit A at 12, because the NVRA preempts them, Exhibit A at 16.

1

"[T]he Court echoe[d] the following reasoning by the Fourth Circuit:

> It is not the province of this court … to strike the proper balance between transparency and voter privacy. That is a policy question properly decided by the legislature, not the courts, and Congress has already answered the question by enacting NVRA Section 8(i)(1), which plainly requires disclosure of completed voter registration applications. Public disclosure promotes transparency in the voting process, and courts should be loath to reject a legislative effort so germane to the integrity of federal elections.

*Id*. Thus, the Court cannot ignore the plain language of the NVRA and Congress's purposes to safeguard Exception J and its privacy protections."

Exhibit A at 16 (quoting *Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 339 (4th Cir. 2012)).

Date: April 7, 2023.

          Respectfully submitted,

          /s/ Noel H. Johnson
Kaylan L. Phillips (D.C. Bar #1011583)
Noel H. Johnson* (Wisconsin Bar #1068004)
PUBLIC INTEREST LEGAL FOUNDATION
107 S. West Street, Suite 700
Alexandria, VA 22314
Telephone: 703-745-5870
Fax: (888) 815-5641
kphillips@PublicInterestLegal.org
njohnson@PublicInterestLegal.org
* *Motion for admission pro hac vice granted*

*Attorneys for Plaintiff Public Interest Legal Foundation*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2023, I electronically filed the foregoing using the Court's ECF system, which will serve notice on all parties.

 /s/ Noel H. Johnson
Noel H. Johnson
Counsel for Plaintiff
njohnson@PublicInterestLegal.org