# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **PUBLIC INTEREST LEGAL FOUNDATION, INC.,**<br><br>*Plaintiff*,<br><br>v.<br><br>**NANCY DAHLSTROM,** in her official capacity as Lieutenant Governor for the State of Alaska,<br><br>*Defendant*. | Case No. 1:22-cv-00001-SLG |

## STIPULATED ORDER

1. This Stipulated Order ("Order") is entered into by and between Plaintiff Public Interest Legal Foundation, Inc. ("Plaintiff") and Alaska Lieutenant Governor Nancy Dalhstrom ("Defendant") (collectively, "Parties").

## BACKGROUND

2. In August 2021, Plaintiff requested the following records from Defendant pursuant to Section 8(i)(1) of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507(i)(1)[1] (the "Request," attached as Exhibit A):

> 1. All "ERIC Data" received from ERIC[2] during the years 2019, 2020, and 2021 concerning registered voters identified as deceased or potentially deceased ("ERIC Reports").

---

[1] NVRA Section 8(i)(1) provides, "Each State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters, except to the extent that such records relate to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered."

[2] "ERIC" is the Electronic Registration Information Center.

2. All reports and/or statewide-voter-registration-system-generated lists showing all registrants removed from the list of eligible voters for reason of death for the years 2019, 2020, and 2021 ("Deceased Cancellation Reports").

(together, the "Requested Records");

3. Defendant denied Plaintiff's request for the ERIC Reports.

4. Defendant granted Plaintiff's request for the Deceased Cancellation Reports and provided registrants' ascension numbers but not their voter identification numbers and dates of birth.[3]

5. On January 20, 2022, Plaintiff filed this action against Defendant (the "Litigation").

6. Defendant denies liability for the cause of action Plaintiff asserts in the Litigation.

7. The Parties have negotiated in good faith and now jointly enter into this Order to resolve Plaintiff's claims without prolonged and costly litigation.

## JURISDICTION

8. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. § 1331 and 52 U.S.C. § 20510.

## APPLICABILITY

9. The terms of this Order shall apply to the Parties and their respective successors and assigns.

---

[3] *See* AS 15.07.195(a)(4), (d) (providing that voter identification numbers and dates of birth are confidential, while ascension numbers are not).

## TERMS AND CONDITIONS

*General Terms and Conditions*

10. The parties to this Order are the Plaintiff and Defendant. Nothing in this Order shall be construed to make any other person or entity not executing this Order a third-party beneficiary to this Order.

11. Each undersigned representative of the Parties to this Order certifies that he or she is fully authorized by the party to enter into and execute the terms and conditions of this Order and to legally bind such party to this Order.

12. This Order is the entire agreement between the Parties.

13. This Order may be executed in any number of counterpart originals, each of which shall be deemed to constitute an original agreement, and all of which shall constitute one agreement. The execution of one counterpart by any party shall have the same force and effect as if that party had signed all other counterparts.

14. This Order is governed by, and interpreted according to, the laws of the State of Alaska without regard to conflict of laws principles.

15. The Parties represent that prior to signing this Order, each has read it, understood its terms and conditions, consulted with counsel, and voluntarily signed it.

16. "ERIC Report Key" means the document attached hereto as Exhibit B.

*Terms Governing Production of Records*

17. **ERIC Reports**

    A. <u>2019 and 2020 ERIC Reports</u>

        i. Defendant shall provide to Plaintiff the 2019 and 2020 ERIC Reports, which shall include all data described in columns 1 through 10 and 13 through 58 of the ERIC Report Key.
        ii. Defendant shall redact only the voter identification numbers in columns 11 and 12 of the ERIC Report Key.
        iii. For all registrants appearing in these ERIC Reports, Defendant shall provide to Plaintiff the registrant's ascension number.

    B. <u>2021 ERIC Reports</u>

        i. Defendant shall provide to Plaintiff the 2021 ERIC Reports, which shall include all data described in columns 1 through 10 and 13 through 49 of the ERIC Report Key.
        ii. Defendant shall redact only the voter identification numbers in columns 11 and 12 and the data from the Social Security Administration in columns 50 through 58 of the ERIC Report Key.
        iii. For all registrants appearing in these ERIC Reports, Defendant shall provide to Plaintiff the registrant's ascension number.

18. Plaintiff shall forgo and dismiss its claim for voter identification numbers and date of birth information with respect to the Requested Records.

*Terms Governing Time for Production and Future Requests*

19. Defendant shall provide the ERIC Reports described above to Plaintiff within thirty (30) days of the date this Order is issued by the Court.

20. In the event Plaintiff requests ERIC Reports or Deceased Cancellation Reports from Defendant in the future pursuant to NVRA Section 8(i), Defendant shall

provide the records to Plaintiff in accordance with the terms of this Order unless Defendant determines that the law governing disclosure has changed.

## ATTORNEY'S FEES, COSTS, AND EXPENSES

21. Each party shall bear its own attorney's fees, costs, and expenses related to the Litigation.

## RETENTION OF JURISDICTION

22. This Court retains jurisdiction to enforce the disclosure of the 2019, 2020, and 2021 ERIC Reports under the terms of this Order.

## RELEASE AND DISMISSAL

23. Upon entering this Order, the Plaintiff shall release Defendant, and her respective successors and assigns and any other State of Alaska agencies or officials, from any claims arising from the conduct related to the Litigation.

24. This Order constitutes a full settlement of and shall resolve all claims made by Plaintiff against Defendant in this Litigation. Upon entry of this Order, the Parties agree to and request that this action be dismissed.

**For the Plaintiff: Public Interest Legal Foundation, Inc.**


  /s/ Noel. H. Johnson                                      9/13/2023
Noel H. Johnson                                                  Date
Counsel for Public Interest Legal Foundation, Inc.

**For the Defendant: Lieutenant Governor Nancy Dahlstrom**

 /s/ Thomas S. Flynn                                      9/13/2023
Thomas S. Flynn                                                   Date
Assistant Attorney General

Case No. 1:22-cv-00001-SLG, *Public Interest Foundation, Inc. v. Meyer*
Stipulated Order
Page 7 of 8

Case 1:22-cv-00001-SLG   Document 62   Filed 09/20/23   Page 7 of 8

This Stipulated Order is issued this 19th day of September, 2023.

                                              */s/ Sharon L. Gleason*
                                              Sharon L. Gleason
                                              United States District Judge